# Exhibit "A"

 Wolters Kluwer

## Service of Process Transmittal Summary

**TO:**      Rebecca Thompson
             UnitedHealth Group Incorporated (111504190770700600)
             9900 Bren Rd E Ste 300W, MN008-T502
             Minnetonka, MN 55343-9693

**RE:**      **Process Served in Florida**

**FOR:**     United HealthCare Services, Inc. (200204190770700600) (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC vs. UNITED HEALTHCARE SERVICES, INC. |
| **CASE #:** | 502022CA004183XXXXMB |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/05/2022 at 03:46 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/05/2022, Expected Purge Date: 06/04/2022 |
| | Image SOP |
| | Email Notification, Administrative Assistant  legalmail@uhg.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**             Thu, May 5, 2022
**Server Name:**      CHRISTOPHER YEOMAN

| Entity Served | UNITED HEALTHCARE SERVICES, INC. |
|---|---|
| Case Number | 502022CA004183XXXXMB |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |



**** CASE NUMBER: 502022CA004183XXXXMB Div: AN ****

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH
~~IN THE CIRCUIT COURT OF THE~~

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.:  502022CA004183XXXXMB

      Plaintiff,

vs.

DATE _5/5/22_
TIME ___21 Opm___
Served by C.Y. gps#262

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE,

      Defendant.

_____/

### SUMMONS:
(Complaint, Interrogatories, Request for Production, & Request for Admissions)

Serve to:    UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation
              d/b/a UNITEDHEALTHCARE
              R/A: CT CORPORATION SYSTEM
              1200 South Pine Island Road
              Plantation, Florida 33324

### IMPORTANT

    A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may hereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or a photocopy of your written response to the "Plaintiff's Attorney" named in this Summons.

    If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Administrator 15th Judicial Circuit Court at 205 North Dixie Highway, West Palm Beach, Florida 33401, telephone number (561) 355-4380, within three (3) working days of your receipt of this Summons. If you are hearing or voice impaired, please call 1-800-955-8771.

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED this _____ day of _____, 2022.

May 04 2022

Joseph Abruzzo,
Clerk of said Court

By: _____
As Deputy Clerk    Dolly Garcia

## IMPORTANT:  SPANISH AND FRENCH VERSIONS

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a Partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatament.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desa responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su repuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney". (Demandante o Abogado del Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees isi, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (plaignant ou a son avocat) nomme ci-dessous.

Eric G. Canter, Esquire
Anthony R. Gonzales, Esquire
Attorneys for Plaintiff
LAW OFFICES OF ERIC G. CANTER, P.A.
3335 NW Boca Raton Boulevard
Boca Raton, FL 33431
Telephone: 561-447-4500

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR                    CASE NO.:  502022CA004183XXXXMB
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and
Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this
Circuit, the parties are informed of the following information and procedures applicable to civil
lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.**  The Plaintiff is directed to serve a copy of this Order
with each Summons issued in this case.  One copy of this Order is to be filed with the Clerk of the
Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.**  The Supreme Court of Florida has
established guidelines for the prompt processing and resolution of civil cases.  This Court has
adopted a case management system to help meet those guidelines.  In contested cases, the parties
are required to participate in the case management system.  The case management system requires
early consultation and cooperation among the parties for the preparation and submission of an
Agreed Case Management Plan and early involvement by the Court.  The Agreed Case
Management Plan requires the parties to identify a case track, confer in good faith and attempt to
narrow the matters in controversy, identify the issues that require direct involvement by the Court,
and establish a schedule for addressing those issues[1]  The Agreed Case Management Plan may be
accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed
Case Management Plan must be submitted to the assigned divisional queue via the Court's online
scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed
Case Management Plan on or before 130 days from the date of filing of the initial complaint.  If
the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

_____

[1] Case Track options include Expedited, Streamlined, General, or Complex.  Case Tracks have been
established in order to comply with the case disposition standards set forth in Florida Rule of General
Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**. ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

Administrative Circuit Judge

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.:   502022CA004183XXXXMB

      Plaintiff,

vs.

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE,

      Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,

LLC, by and through their undersigned counsel, and sues Defendant, UNITED HEALTHCARE

SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE, (hereinafter

"UNITEDHEALTHCARE") and alleges as follows:

1.     This is an action for damages in excess of $30,001.00, exclusive of interest, costs, and

     attorney's fees.

2.     At all times material herein, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH

     FLORIDA, LLC, was a Florida limited liability company and licensed medical provider

     with its principal place of business in Palm Beach County, Florida.

3.     At all times material herein, Defendant, UNITEDHEALTHCARE, licensed under Chapter

     641, Florida Statutes, (The Health Maintenance Organization Act), was doing business in

     Palm Beach County, Florida, and provided coverage for its subscribers, and "PATIENT"

     (full names not provided due to privacy concerns and Federal privacy laws).

1

4.      Venue is proper in Palm Beach County, Florida, because the cause of action asserted herein

occurred and/or accrued in Palm Beach County, Florida.  Venue is also appropriate in this

Court because Defendant conducts substantial business in Palm Beach County, Florida.

5.      On or about April 7, 2021, the Plaintiff provided emergency medical care to PATIENT 1,

at which time the PATIENT 1'S policy, bearing ID No.: 957906225, with Defendant was

in full force and effect.  The Plaintiff is not in possession of the subject policy, but same is

in Defendant's possession.

6.      The Plaintiff's charges for the medical treatment provided to Defendant's subscriber,

PATIENT 1, total $185,000.00.

7.      On or about May 24, 2021, the Plaintiff provided emergency medical care to PATIENT 2,

at which time the PATIENT 2'S policy, bearing ID No.: 959421377, with Defendant was

in full force and effect.  The Plaintiff is not in possession of the subject policy, but same is

in Defendant's possession.

8.      The Plaintiff's charges for the medical treatment provided to Defendant's subscriber,

PATIENT 2, total $125,000.00.

9.      On or about June 15, 2021, the Plaintiff provided emergency medical care to PATIENT 3,

at which time the PATIENT 3'S policy, bearing ID No.: 938157155, with Defendant was

in full force and effect.  The Plaintiff is not in possession of the subject policy, but same is

in Defendant's possession.

10.     The Plaintiff's charges for the medical treatment provided to Defendant's subscriber,

PATIENT 3, total $55,550.00.

11.     Plaintiff's charges for the medical treatment provided to PATIENT 1, PATIENT 2, and

PATIENT 3 were the Plaintiff's usual and customary charges for similar services in the

community where services where provided.

12.     Pursuant to §641.513 and/or §627.64194, Florida Statutes, the Defendant was required to reimburse Plaintiff at 100% of the Plaintiff's charges for medical care rendered to PATIENT 1, PATIENT 2, and PATIENT 3.

13.     The Defendant only paid $5,983.99 of the Plaintiff's charges for medical care rendered to PATIENT 1 on April 7, 2021.

14.     The Defendant only paid $5,912.75 of the Plaintiff's charges for medical care rendered to PATIENT 2 on May 24, 2021.

15.     The Defendant only paid $4,085.61 of the Plaintiff's charges for medical care rendered to PATIENT 3 on June 15, 2021.

16.     The Defendant has a balance due of $349,567.65 for all the Patients set forth above.

17.     The Defendant violated §641.513 and/or §627.64194, Florida Statutes, by failing to pay Plaintiff's charges in full for all of the Patients set forth above.

18.     Defendant, UNITEDHEALTHCARE, owes the Plaintiff the sum of $349,567.65, pursuant to §641.513 and/or §627.64194, Florida Statutes, exclusive of interest, court costs, and attorney's fees.

19.     Plaintiff has been forced to retain the service of the undersigned counsel as a result of Defendant's failure or refusal to pay the amounts dues when demanded and has incurred and will incur attorney's fees and costs in this matter.

20.     Plaintiff is entitled to attorney's fees from Defendant, pursuant to Florida Statute §641.28.

21.     Plaintiff has complied with all conditions precedent before instituting this action.

22.     Plaintiff demands a jury trial on all issues so triable.

        WHEREFORE, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, hereby demands judgement against Defendant, UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE, in the sum of $349,567.65,

3

together with statutory interest from the due date, and award of costs and attorney's fees, and any

such other and further relief as the Court deems proper.

> LAW OFFICES OF ERIC G. CANTER, P.A,
> *Attorneys for Plaintiff*
> 3335 Northwest Boca Raton Boulevard
> Boca Raton, Florida 33431
> Primary: Eric@ECanterLaw.com
> Secondary: Tony@ECanterLaw.com
> Telephone: 561-447-4500/Facsimile: 561-447-4150

> By:    /s/Anthony R. Gonzales
>        ERIC G. CANTER
>        Florida Bar No.: 0118036
>        ANTHONY R. GONZALES
>        *Trial Counsel & of Counsel*
>        Florida Bar No.: 0373280

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.: 502022CA004183XXXXMB

      Plaintiff,

vs.

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF FILING INTERROGATORIES TO DEFENDANT

      COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,

LLC, by and through their undersigned counsel, and hereby propounds onto Defendant, UNITED

HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE,

the attached Interrogatories numbered 1 through 10, to be answered under oath within thirty (30)

days from the date of service in accordance with the applicable Rules of Civil Procedure.

      **WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

with the Summons and Complaint to: UNITED HEALTHCARE SERVICES, INC., a Foreign Profit

Corporation, d/b/a UNITEDHEALTHCARE, R/A: CT CORPORATION SYSTEM, 1200 South

Pine Island Road, Plantation, Florida 33324.

                    LAW OFFICES OF ERIC G. CANTER, P.A.
                    *Attorneys for Plaintiff*
                    3335 Northwest Boca Raton Boulevard
                    Boca Raton, Florida 33431
                    Primary: Eric@ECanterLaw.com
                    Secondary: Tony@ECanterLaw.com
                    Telephone:561-447-4500/Facsimile: 561-447-4150

      By:   /s/Anthony R. Gonzales
            ERIC G. CANTER
            Florida Bar No.: 0118036
            ANTHONY R. GONZALES
            *Trial Counsel & of Counsel*
            Florida Bar No.: 0373280

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC.

CASE NO.: 502022CA004183XXXXMB

      Plaintiff,

vs.

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF FILING INTERROGATORIES TO DEFENDANT

      COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,

LLC, by and through their undersigned counsel, and hereby propounds onto Defendant, UNITED

HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE,

the attached Interrogatories numbered 1 through 10, to be answered under oath within thirty (30)

days from the date of service in accordance with the applicable Rules of Civil Procedure.

      **WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

with the Summons and Complaint to: UNITED HEALTHCARE SERVICES, INC., a Foreign Profit

Corporation, d/b/a UNITEDHEALTHCARE, R/A: CT CORPORATION SYSTEM, 1200 South

Pine Island Road, Plantation, Florida 33324.

                          LAW OFFICES OF ERIC G. CANTER, P.A.
                          *Attorneys for Plaintiff*
                          3335 Northwest Boca Raton Boulevard
                          Boca Raton, Florida 33431
                          Primary: Eric@ECanterLaw.com
                          Secondary: Tony@ECanterLaw.com
                          Telephone:561-447-4500/Facsimile: 561-447-4150

                       By:   /s/Anthony R. Gonzales
                          ERIC G. CANTER
                          Florida Bar No.: 0118036
                          ANTHONY R. GONZALES
                          *Trial Counsel & of Counsel*
                          Florida Bar No.: 0373280

## PLAINTIFF, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC'S, INTERROGATORIES TO DEFENDANT, UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE

1. State your full name, any other names by which you have been known, your age, present address, and your current position and/or title with the Defendant (provided you are an employee of the Defendant) as well as your job responsibilities which would tend to demonstrate the basis of your knowledge of the Interrogatory Answers provided?

2. Please describe the methodology by which the Plaintiff's medical bills were reduced by the Defendant and the reason for same.

3. Please provide the basis for Defendant's claim that the reduced amount of Plaintiff's charges are usual and customary for similar services in the community where the services were provided.

4.     Please provide the date of treatment, amount of total billing for said treatment, amount for reduced billing for said treatment and amount ultimately paid to any provider for the same procedure and/or procedures as those at issue in this case within a five (5) year period prior to the date of the treatment and further limited to the community where the services were provided.

5.     When determining usual and customary values for similar treatment as that at issue in this case, please describe the geographical area utilized by Defendant.

6.     Please provide the name of any billing, coding, and/or other computer data, algorithms and/or software utilized by Defendant in determining the usual and customary value for similar services as the treatment at issue in this case for the same community where the medical treatment was provided.

7.     Please provide the names of any all of Defendant's employees responsible for reducing the actual bills at issue in this case and also any employees who had direct communications with the Plaintiff and/or hospital/facility regarding the treatment and/or medical bills at issue.

8. Please provide the name of any medical provider, as well as the date of treatment for services rendered for any provider to whom payment was made in full for the same or similar services as those provided in the instant litigation within a five (5) year prior to the date of treatment in this case within the same community wherein the treatment was rendered.

9. Why does the Defendant believe it has the right or ability to reduce the Plaintiff's charges for the medical treatment at issue in this case in the absence of any contract with the Plaintiff for services rendered to the patient?

10. If the Defendant has the ability to reduce charges for "out-of-network providers", why is it necessary for the Defendant to have contracts which set the rates for charges for "in-network providers"?

_____

NAME

STATE OF FLORIDA
COUNTY OF _____.

The foregoing Answers to Interrogatories were sworn to under penalty of perjury before me this ____

day of _____, 2022, by _____ who is personally known to me/or who has

produced_____ as identification.

_____
Signature of Notary Public


_____
Name of Notary Typed, Printed or Stamped


_____
Commission Number

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.:  502022CA004183XXXXMB

       Plaintiff,

vs..

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE,

       Defendant..

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,

LLC, by and through their undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of

Civil Procedure, hereby requests the Defendant, UNITED HEALTHCARE SERVICES, INC., a

Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE, (hereinafter

"UNITEDHEALTHCARE") to produce the following documents to the undersigned attorneys, at this

office, within thirty (30) days from this date for examination, inspection and copying and as grounds

therefor states that the materials are in the custody or control of the Defendant and are relevant and

material to the issues in this case and/or are likely to lead to the discovery of admissible evidence, and

cannot be obtained by Plaintiff without hardship:

1.      All statutes, ordinances, standards or regulations that Defendant maintains provide Defendant a

      defense to the claims set forth in the instant lawsuit.

2.      Any and all reports, statements, written opinions and affidavits prepared by experts retained by

      Defendant, whose testimony is intent to be used at trial.

3.      All statements, not work product, taken by or on behalf of the Defendant by their respective

agents, servants, employees and investigators regarding any of the facts and issues in this action.

4.   Copies of all Releases, settlement documents and "Mary Carter Agreements" entered into by the Defendant with any persons or parties, whether or not named in this suit.

5.   All doctor, hospital, therapy, nursing and other medical bills incurred as a result of the procedure at issue in this case.

6.   A copy of the insurance policy applicable to the procedure, patient and payments at issue in this case.

7.   Any and all documentation in Defendant's possession which would show the reason the total charges for treatment provided to the patient were reduced and the methodology used to obtain same.

8.   Any and all documentation the Defendant maintains and/or claims demonstrate the usual and customary charges for similar services in the community where the services at issue were provided.

9.   Any and all bills, invoices and/or ledgers which demonstrate payment (total charges as well as reduced charges) provided to other patients for the same procedure at issue in the instant case, paid within a five (5) year period prior to the date of the instant procedure and also only for procedures performed in the community where the services at issue were provided.

10.   Any and all documentation in Defendant's possession wherein Plaintiff agreed to a reduction for services and/or medical care rendered to the patient/subscriber.

11.   Any authority upon which Defendant relies which Defendant maintains allows it under the law to reduce charges by healthcare providers like the Plaintiff for similar services in the community where the services at issue were provided.

12.   Any and all correspondence (including e-mails and/or other documentation) shared between Defendant and Plaintiff regarding the treatment rendered in this case and/or bills generated

2

in relation to such treatment.

13. Any and all documentation, correspondence (including any contractual documents) which Defendant relies upon and/or that Defendant claims demonstrate a right for the Defendant to reduce the bills at issue. (This Request for Production encompasses any documentation and/or contracts entered into between the Defendant and the hospital and/or emergency facility wherein the subject treatment was provided to the patient/subscriber.)

14. Any and all documentation in Defendant's possession which Defendant maintains provides it the authority and/or right to reduce the bills of "out-of-network providers".

15. Defendant's policy and procedural guidelines which demonstrate the effective policy at the time of the treatment issued in this case regarding payment of "out-of-network providers" like the Plaintiff for the same or similar treatment at issue in this case for the community where the services at issue were provided.

16. Any and all documentation and/or correspondence which demonstrates what the Defendant has paid to "in-network providers" for the same treatment at issue in this case within a five (5) year period prior to the date of the treatment in the same geographic area as the location of the treatment rendered.

17. All documents referring to payment to medical providers for the CPT codes at issue in this dispute.

18. All documents relating to any payment agreement with the Plaintiff.

19. All documents relating to any agreement between you and any third-party administrator, self-funded plan, government entity, medical provider, or any other entity, as to the amount to be paid, amount paid, or amount billed for the medical codes at issue in this dispute.

20. All documents reflecting amounts paid, amount to be paid or amount billed for similar medical services and case to those at issue in the Complaint, including fee schedule, billing

summaries. balance-billing summaries. collection summaries, accounts receivable, or ledgers.

21.   All documents related to any complaint, appeal. disagreement, or dispute with any medical provide, related to this patient/subscriber.

22.   All documents related to the community, market. or other schedule for the medical services and care at issue in the Complaint.

23.   All documents used to calculate the claim(s), including all documents use to determine the rate of payment for the claim(s).

24.   All documents related to determining the amount paid or reimbursed for medical services and care for each of the claims identified in the Complaint.

25.   Documents sufficient to identify any current employees, former employees, consultants, contractors, vendors, firms, companies, or other non-employee for Defendant that have assisted in the payment and/or reimbursement, on Defendant's behalf, of the medical claim(s) at issue in the Complaint.

26.   Documents sufficient to identify any current employees, former employees, consultants, contractors, vendors, firms, companies, or other non-employee for Defendant that have assisted in the development, on Defendant's behalf, of the amounts to pay for medical services and care by contracted and non-contracted medical providers for the CPT codes at issue in this dispute.

27.   The policies, procedures, or systems for preparing, submitting, billing, and/or appealing, the medical claim(s) at issue in the Complaint.

28.   All documents related to communications between you and the UNITEDHEALTHCARE patient/subscriber, related to the payment of medical services and care of the claims at issue in the Complaint.

4

29.. All documents reflecting any payments by UNITEDHEALTHCARE, including but not limited to all Explanation of Benefit forms, Explanation of Reimbursement forms, or Explanation of Payment forms concerning the claims identified in the Complaint.

30. All authorizations or communications from UNITEDHEALTHCARE to Plaintiff regarding the services rendered as billed in each of the claims identified in the Complaint.

31... All contracts of letter of agreement entered into between you and other medical providers for the CPT codes at issue in this dispute with respect to the services rendered to UNITEDHEALTHCARE members.

32.. All documents that relate to the methodology you employed to establish the payment rate for the medical services and care at issue in the Complaint.

33. All documents which relate to any communication by and between you and Plaintiff which refer or relate to authorization for the claims identified in the Complaint.

34.. The membership enrollment file for the UNITEDHEALTHCARE patient/subscriber.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished with the Summons and Complaint to: UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE, R/A: CT CORPORATION SYSTEM, 1200 South Pine Island Road, Plantation, Florida 33324.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone: 561-447-4500/Facsimile: 561-447-4150

By:    /s/Anthony R. Gonzales
ERIC G. CANTER
Florida Bar No.: 0118036
ANTHONY R. GONZALES
*Trial Counsel & of Counsel*
Florida Bar No.: 0373280

5

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS          CASE NO.:   502022CA004183XXXXMB
OF SOUTH FLORIDA, LLC,

     Plaintiff,

vs..

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE,

     Defendant.
_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,

LLC, by and through their undersigned counsel and pursuant to Florida Rule of Civil Procedure

1.370, and hereby requests, Defendant, UNITED HEALTHCARE SRVICES, INC., a Foreign

Profit Corporation, d/b/a UNITEDHEALTHCARE, to admit or deny the following:

1.    The services provided to the patient/subscriber in this case were emergency services as

    defined by Florida Statute § 641.47.

2.    The patient/subscriber was insured by Defendant at the time subject emergency services

    were provided.

3.    Plaintiff properly submitted its bill for payment to Defendant following services to

    patient/subscriber.

4.    Plaintiff is not a contracted provider on any network with Defendant.

5.    Defendant did not pay Plaintiff their charges in full.

6.    Plaintiff's charges for the medical treatment provided to the patient were usual and

    customary charges for similar services in the community where the services were provided.

7.    Defendant did not pay Plaintiff the usual and customary charges for similar services in the community where the services were provided.

8.    Defendant did not pay Plaintiff a mutually agreed to amount within sixty (60) days of the Plaintiff submitting their bill for payment.

9.    Defendant violated Florida Statute § 641.513 by failing to pay Plaintiff's charges in full.

10.   Defendant violated Florida Statute § 640.513 by failing to pay Plaintiff the usual and customary charges for similar services in the community where were provided.

11.   Defendant violated Florida Statute § 641.513 by failing to pay Plaintiff a mutually agreed to amounts within sixty (60) days of the Plaintiff submitting their bill for payment.

12.   Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff's charges in full.

13.   Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff the usual and customary charges for similar services in the community where the services were provided

14.   Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff a mutually agreed to amount within sixty (60) days of the Plaintiff submitting their bill for payment.

15.   Were Plaintiff to succeed in this action, Plaintiff would be entitled to recover reasonable attorney's fees and court costs pursuant to Florida Statute § 641.28.

16.   Defendant has paid the same or more for the same medical treatment as that at issue in this case for other patients in the community where the services were provided within the last five (5) years.

17.   It is Defendant's policy that patients with emergency medical needs wait for an in-network provider to be located before Defendant will pay reasonable and customary charges for medical services like the services at issue in this case.

18.   Defendant has paid other out-of-network providers the full amount of their medical bills for the same treatment as that at issue in this case in the same geographical area.

19.     The fact that the Defendant has a contract with various medical providers ("in- network

providers") does not automatically give it a right to reduce the bills of "out-of-network

providers" like the Plaintiff.

20.     Doctors and medical facilities are free to charge what they believe are reasonable and

customary charges for medical services provided to the patient.

21.     When Defendant provides insurance coverage to a patient, the Defendant bears the risk of

having to pay for such treatment for "out-of-network providers" like the Plaintiff in an

emergency setting as defined by Florida law.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

with the Summons and Complaint to: UNITED HEALTHCARE SERVICES, INC., a Foreign

Profit Corporation, d/b/a UNITEDHEALTHCARE, R/A: CT CORPORATION SYSTEM, 1200

South Pine Island Road, Plantation, Florida 33324.

> LAW OFFICES OF ERIC G. CANTER, P.A.
> *Attorneys for Plaintiff*
> 3335 Northwest Boca Raton Boulevard
> Boca Raton, Florida 33431
> Primary: Eric@ECanterLaw.com
> Secondary: Tony@ECanterLaw.com
> Telephone: 561-447-4500/Facsimile: 561-447-4150
>
> By:     /s/Anthony R. Gonzales.
>         ERIC G. CANTER
>         Florida Bar No.: 0118036
>         ANTHONY R. GONZALES
>         *Trial Counsel & of Counsel*
>         Florida Bar No.: 0373280

FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.     CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Neurosurgical Consultants of South Florida LLC</u>
Plaintiff                                                    Case # _____
                                                             Judge   _____

vs.
<u>United Healthcare Services Inc</u>
Defendant

II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.     TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☐ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☐ Discrimination—employment or other
  ☐ Insurance claims
  ☒ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Eric G Canter          Fla. Bar # 118036
        Attorney or party             (Bar # if attorney)

Eric G Canter          05/02/2022
  (type or print name)          Date

NOT A CERTIFIED COPY



## JOSEPH ABRUZZO

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

# RECEIPT
4451509

Printed On:
05/04/2022 09:43
Page 1 of 1

| Receipt Number: 4451509 - Date 05/04/2022  Time 9:43AM | | | |
|---|---|---|---|
| **Received of:** | Law Offices of Eric G. Canter, P.A.<br>3335 NW Boca Raton Boulevard<br>Boca Raton, FL 33431 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 411.00 |
| **Receipt ID:** | 10805939 | **Remaining Balance:** | 0.00 |
| **Division:** | AN: Circuit Civil Central - AN(Civil) | | |

| Case# 50-2022-CA-004183-XXXX-MB -- PLAINTIFF/PETITIONER: NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA LLC | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 3634629 | 411.00 |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



## RETURN OF SERVICE

State of Florida             County of Palm Beach             Circuit Court

Case Number: 502022CA004183XXXXMB

Plaintiff:
**NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC,**

vs.

Defendant:
**UNITEDHEALTHCARE INSURANCE COMPANY, a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE,**

For:
Eric Canter, Esq
3335 NW Boca Raton Blvd
Boca Raton, FL 33431

Received by Chris Yeoman on the 4th day of May, 2022 at 5:38 pm to be served on **United Healthcare Services, Inc., a Foreign Profit Corporation d/b/a Unitedhealthcare r/a: Ct Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.**

I, Chris Yeoman, do hereby affirm that on the **5th day of May, 2022** at **2:10 pm, I:**

SERVED the within named corporation by delivering a true copy of the **Summons, Standing Order, Complaint, Interrogatories, Request For Production and Request For Admissions.** at the address of **1200 South Pine Island Road, Plantation, FL 33324** with the date and hour endorsed thereon by me to, **LISA HOWARD,   INTAKE SPECIALIST** as an employee of the Registered Agent listed with the Florida Division of Corporation, pursuant to F.S. 48.081 (3)(a).

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: WHITE, Height: 5'8", Weight: 140, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server in good standing in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing Affidavit/Verified Return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2).

**Chris Yeoman**
SPS #262

**DLE PROCESS SERVERS, INC.**
**1750 Coral Way**
**Suite 300**
**Miami, FL 33145**
**(786) 220-9705**

Our Job Serial Number: DLE-2022018867

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i

NOT A CERTIFIED COPY

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.: 502022CA004183XXXXMB

     Plaintiff,

vs.

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE,

     Defendant.

_____/

05/05/22
2:10pm
Lisa Howard.
C·Y.

**SUMMONS:**

(Complaint, Interrogatories, Request for Production, & Request for Admissions)

Serve to:    UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation
              d/b/a UNITEDHEALTHCARE
              R/A: CT CORPORATION SYSTEM
              1200 South Pine Island Road
              Plantation, Florida 33324

**IMPORTANT**

     A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may hereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

     If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or a photocopy of your written response to the "Plaintiff's Attorney" named in this Summons.

     If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact ADA Administrator 15th Judicial Circuit Court at 205 North Dixie Highway, West Palm Beach, Florida 33401, telephone number (561) 355-4380, within three (3) working days of your receipt of this Summons. If you are hearing or voice impaired, please call 1-800-955-8771.

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED this _____ day of _____, 2022.

May 04 2022

Joseph Abruzzo,
Clerk of said Court

By: _____
As Deputy Clerk   Dolly Garcia

## IMPORTANT:  SPANISH AND FRENCH VERSIONS

### IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a Partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desa responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su repuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney".  (Demandate o Abogado del Demanadante).

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees isi, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (plaignant ou a son avocat) nomme ci-dessous.

Eric G. Canter, Esquire
Anthony R. Gonzales, Esquire
Attorneys for Plaintiff
LAW OFFICES OF ERIC G. CANTER, P.A.
3335 NW Boca Raton Boulevard
Boca Raton, FL 33431
Telephone: 561-447-4500

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR                    CASE NO.: 502022CA004183XXXXMB
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____/

## STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED CASE MANAGEMENT PLAN IN CIVIL CASES IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021 (DCMSO)

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

_____

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties. No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT
ADMINISTRATIVE OFFICE OF THE COURT

**Administrative Circuit Judge**

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.: 502022CA004183XXXXMB

      Plaintiff,

vs.

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE,

      Defendant.

_____/

## COMPLAINT

    **COMES NOW** Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, by and through their undersigned counsel, and sues Defendant, UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE, (hereinafter "UNITEDHEALTHCARE") and alleges as follows:

1. This is an action for damages in excess of $30,001.00, exclusive of interest, costs, and attorney's fees.

2. At all times material herein, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, was a Florida limited liability company and licensed medical provider with its principal place of business in Palm Beach County, Florida.

3. At all times material herein, Defendant, UNITEDHEALTHCARE, licensed under Chapter 641, Florida Statutes, (The Health Maintenance Organization Act), was doing business in Palm Beach County, Florida, and provided coverage for its subscribers, and "PATIENT" (full names not provided due to privacy concerns and Federal privacy laws).

1

4.      Venue is proper in Palm Beach County, Florida, because the cause of action asserted herein occurred and/or accrued in Palm Beach County, Florida.  Venue is also appropriate in this Court because Defendant conducts substantial business in Palm Beach County, Florida.

5.      On or about April 7, 2021, the Plaintiff provided emergency medical care to PATIENT 1, at which time the PATIENT 1'S policy, bearing ID No.: 957906225, with Defendant was in full force and effect.  The Plaintiff is not in possession of the subject policy, but same is in Defendant's possession.

6.      The Plaintiff's charges for the medical treatment provided to Defendant's subscriber, PATIENT 1, total $185,000.00.

7.      On or about May 24, 2021, the Plaintiff provided emergency medical care to PATIENT 2, at which time the PATIENT 2'S policy, bearing ID No.: 959421377, with Defendant was in full force and effect.  The Plaintiff is not in possession of the subject policy, but same is in Defendant's possession.

8.      The Plaintiff's charges for the medical treatment provided to Defendant's subscriber, PATIENT 2, total $125,000.00.

9.      On or about June 15, 2021, the Plaintiff provided emergency medical care to PATIENT 3, at which time the PATIENT 3'S policy, bearing ID No.: 938157155, with Defendant was in full force and effect.  The Plaintiff is not in possession of the subject policy, but same is in Defendant's possession.

10.     The Plaintiff's charges for the medical treatment provided to Defendant's subscriber, PATIENT 3, total $55,550.00.

11.     Plaintiff's charges for the medical treatment provided to PATIENT 1, PATIENT 2, and PATIENT 3 were the Plaintiff's usual and customary charges for similar services in the community where services where provided.

12. Pursuant to §641.513 and/or §627.64194, Florida Statutes, the Defendant was required to reimburse Plaintiff at 100% of the Plaintiff's charges for medical care rendered to PATIENT 1, PATIENT 2, and PATIENT 3.

13. The Defendant only paid $5,983.99 of the Plaintiff's charges for medical care rendered to PATIENT 1 on April 7, 2021.

14. The Defendant only paid $5,912.75 of the Plaintiff's charges for medical care rendered to PATIENT 2 on May 24, 2021.

15. The Defendant only paid $4,085.61 of the Plaintiff's charges for medical care rendered to PATIENT 3 on June 15, 2021.

16. The Defendant has a balance due of $349,567.65 for all the Patients set forth above.

17. The Defendant violated §641.513 and/or §627.64194, Florida Statutes, by failing to pay Plaintiff's charges in full for all of the Patients set forth above.

18. Defendant, UNITEDHEALTHCARE, owes the Plaintiff the sum of $349,567.65, pursuant to §641.513 and/or §627.64194, Florida Statutes, exclusive of interest, court costs, and attorney's fees.

19. Plaintiff has been forced to retain the service of the undersigned counsel as a result of Defendant's failure or refusal to pay the amounts dues when demanded and has incurred and will incur attorney's fees and costs in this matter.

20. Plaintiff is entitled to attorney's fees from Defendant, pursuant to Florida Statute §641.28.

21. Plaintiff has complied with all conditions precedent before instituting this action.

22. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, hereby demands judgement against Defendant, UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE, in the sum of $349,567.65,

3

together with statutory interest from the due date, and award of costs and attorney's fees, and any such other and further relief as the Court deems proper.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone: 561-447-4500/Facsimile: 561-447-4150

By:    /s/Anthony R. Gonzales
       ERIC G. CANTER
       Florida Bar No.: 0118036
       ANTHONY R. GONZALES
       *Trial Counsel & of Counsel*
       Florida Bar No.: 0373280

4

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA. LLC.

     Plaintiff,

vs.

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE

     Defendant.

_____/

CASE NO.:   502022CA004183XXXXMB

## PLAINTIFF'S NOTICE OF FILING INTERROGATORIES TO DEFENDANT

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,

LLC, by and through their undersigned counsel, and hereby propounds onto Defendant, UNITED

HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE,

the attached Interrogatories numbered 1 through 10, to be answered under oath within thirty (30)

days from the date of service in accordance with the applicable Rules of Civil Procedure.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

with the Summons and Complaint to: UNITED HEALTHCARE SERVICES, INC., a Foreign Profit

Corporation, d/b/a UNITEDHEALTHCARE, R/A: CT CORPORATION SYSTEM, 1200 South

Pine Island Road, Plantation, Florida 33324.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone:561-447-4500/Facsimile: 561-447-4150

By:   /s/Anthony R. Gonzales
     ERIC G. CANTER
     Florida Bar No.: 0118036
     ANTHONY R. GONZALES
     *Trial Counsel & of Counsel*
     Florida Bar No.: 0373280

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS          CASE NO.: 502022CA004183XXXXMB
OF SOUTH FLORIDA, LLC.

     Plaintiff,

vs.

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF FILING INTERROGATORIES TO DEFENDANT

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,

LLC, by and through their undersigned counsel, and hereby propounds onto Defendant, UNITED

HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE,

the attached Interrogatories numbered 1 through 10, to be answered under oath within thirty (30)

days from the date of service in accordance with the applicable Rules of Civil Procedure.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

with the Summons and Complaint to: UNITED HEALTHCARE SERVICES, INC., a Foreign Profit

Corporation, d/b/a UNITEDHEALTHCARE, R/A: CT CORPORATION SYSTEM, 1200 South

Pine Island Road, Plantation, Florida 33324.

                   LAW OFFICES OF ERIC G. CANTER, P.A.
                   *Attorneys for Plaintiff*
                   3335 Northwest Boca Raton Boulevard
                   Boca Raton, Florida 33431
                   Primary: Eric@ECanterLaw.com
                   Secondary: Tony@ECanterLaw.com
                   Telephone:561-447-4500/Facsimile: 561-447-4150

            By:   /s/Anthony R. Gonzales
                 ERIC G. CANTER
                 Florida Bar No.: 0118036
                 ANTHONY R. GONZALES
                 *Trial Counsel & of Counsel*
                 Florida Bar No.: 0373280

NOT A CERTIFIED COPY

**<u>PLAINTIFF, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC'S,</u>**
**<u>INTERROGATORIES TO DEFENDANT, UNITED HEALTHCARE SERVICES,</u>**
**<u>INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE</u>**

1.     State your full name, any other names by which you have been known, your age, present address, and your current position and/or title with the Defendant (provided you are an employee of the Defendant) as well as your job responsibilities which would tend to demonstrate the basis of your knowledge of the Interrogatory Answers provided?

2.     Please describe the methodology by which the Plaintiff's medical bills were reduced by the Defendant and the reason for same.

3.     Please provide the basis for Defendant's claim that the reduced amount of Plaintiff's charges are usual and customary for similar services in the community where the services were provided.

4.  Please provide the date of treatment, amount of total billing for said treatment, amount for reduced billing for said treatment and amount ultimately paid to any provider for the same procedure and/or procedures as those at issue in this case within a five (5) year period prior to the date of the treatment and further limited to the community where the services were provided.

5.  When determining usual and customary values for similar treatment as that at issue in this case, please describe the geographical area utilized by Defendant.

6.  Please provide the name of any billing, coding, and/or other computer data, algorithms and/or software utilized by Defendant in determining the usual and customary value for similar services as the treatment at issue in this case for the same community where the medical treatment was provided.

7.  Please provide the names of any all of Defendant's employees responsible for reducing the actual bills at issue in this case and also any employees who had direct communications with the Plaintiff and/or hospital/facility regarding the treatment and/or medical bills at issue.

8.    Please provide the name of any medical provider, as well as the date of treatment for services rendered for any provider to whom payment was made in full for the same or similar services as those provided in the instant litigation within a five (5) year prior to the date of treatment in this case within the same community wherein the treatment was rendered.

9.    Why does the Defendant believe it has the right or ability to reduce the Plaintiff's charges for the medical treatment at issue in this case in the absence of any contract with the Plaintiff for services rendered to the patient?

10.   If the Defendant has the ability to reduce charges for "out-of-network providers", why is it necessary for the Defendant to have contracts which set the rates for charges for "in-network providers"?

_____<br>NAME

STATE OF FLORIDA<br>
COUNTY OF _____

The foregoing Answers to Interrogatories were sworn to under penalty of perjury before me this _____

day of _____, 2022, by _____, who is personally known to me/or who has

produced_____as identification.

_____<br>
Signature of Notary Public

_____<br>
Name of Notary Typed, Printed or Stamped

_____<br>
Commission Number

NOT A CERTIFIED COPY

Page 5 of 5

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.:  502022CA004183XXXXMB

      Plaintiff,

vs.

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE,

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, by and through their undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests the Defendant, UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE, (hereinafter "UNITEDHEALTHCARE") to produce the following documents to the undersigned attorneys, at this office, within thirty (30) days from this date for examination, inspection and copying and as grounds therefor states that the materials are in the custody or control of the Defendant and are relevant and material to the issues in this case and/or are likely to lead to the discovery of admissible evidence, and cannot be obtained by Plaintiff without hardship:

1.     All statutes, ordinances, standards or regulations that Defendant maintains provide Defendant a defense to the claims set forth in the instant lawsuit.

2.     Any and all reports, statements, written opinions and affidavits prepared by experts retained by Defendant, whose testimony is intent to be used at trial.

3.     All statements, not work product, taken by or on behalf of the Defendant by their respective

1

agents, servants, employees and investigators regarding any of the facts and issues in this action.

4.     Copies of all Releases, settlement documents and "Mary Carter Agreements" entered into by the Defendant with any persons or parties, whether or not named in this suit.

5.     All doctor, hospital, therapy, nursing and other medical bills incurred as a result of the procedure at issue in this case.

6.     A copy of the insurance policy applicable to the procedure, patient and payments at issue in this case.

7.     Any and all documentation in Defendant's possession which would show the reason the total charges for treatment provided to the patient were reduced and the methodology used to obtain same.

8.     Any and all documentation the Defendant maintains and/or claims demonstrate the usual and customary charges for similar services in the community where the services at issue were provided.

9.     Any and all bills, invoices and/or ledgers which demonstrate payment (total charges as well as reduced charges) provided to other patients for the same procedure at issue in the instant case, paid within a five (5) year period prior to the date of the instant procedure and also only for procedures performed in the community where the services at issue were provided.

10.    Any and all documentation in Defendant's possession wherein Plaintiff agreed to a reduction for services and/or medical care rendered to the patient/subscriber.

11.    Any authority upon which Defendant relies which Defendant maintains allows it under the law to reduce charges by healthcare providers like the Plaintiff for similar services in the community where the services at issue were provided.

12.    Any and all correspondence (including e-mails and/or other documentation) shared between Defendant and Plaintiff regarding the treatment rendered in this case and/or bills generated

2

in relation to such treatment.

13. Any and all documentation, correspondence (including any contractual documents) which Defendant relies upon and/or that Defendant claims demonstrate a right for the Defendant to reduce the bills at issue. (This Request for Production encompasses any documentation and/or contracts entered into between the Defendant and the hospital and/or emergency facility wherein the subject treatment was provided to the patient/subscriber.)

14. Any and all documentation in Defendant's possession which Defendant maintains provides it the authority and/or right to reduce the bills of "out-of-network providers".

15. Defendant's policy and procedural guidelines which demonstrate the effective policy at the time of the treatment issued in this case regarding payment of "out-of-network providers" like the Plaintiff for the same or similar treatment at issue in this case for the community where the services at issue were provided.

16. Any and all documentation and/or correspondence which demonstrates what the Defendant has paid to "in-network providers" for the same treatment at issue in this case within a five (5) year period prior to the date of the treatment in the same geographic area as the location of the treatment rendered.

17. All documents referring to payment to medical providers for the CPT codes at issue in this dispute.

18. All documents relating to any payment agreement with the Plaintiff.

19. All documents relating to any agreement between you and any third-party administrator, self-funded plan, government entity, medical provider, or any other entity, as to the amount to be paid, amount paid, or amount billed for the medical codes at issue in this dispute.

20. All documents reflecting amounts paid, amount to be paid or amount billed for similar medical services and case to those at issue in the Complaint, including fee schedule, billing

3

summaries, balance-billing summaries, collection summaries, accounts receivable, or
ledgers.

21. All documents related to any complaint, appeal, disagreement, or dispute with any medical
provide, related to this patient/subscriber.

22. All documents related to the community, market, or other schedule for the medical services
and care at issue in the Complaint.

23. All documents used to calculate the claim(s), including all documents use to determine the
rate of payment for the claim(s).

24. All documents related to determining the amount paid or reimbursed for medical services
and care for each of the claims identified in the Complaint.

25. Documents sufficient to identify any current employees, former employees, consultants,
contractors, vendors, firms, companies, or other non-employee for Defendant that have
assisted in the payment and/or reimbursement, on Defendant's behalf, of the medical
claim(s) at issue in the Complaint.

26. Documents sufficient to identify any current employees, former employees, consultants,
contractors, vendors, firms, companies, or other non-employee for Defendant that have
assisted in the development, on Defendant's behalf, of the amounts to pay for medical
services and care by contracted and non-contracted medical providers for the CPT codes at
issue in this dispute.

27. The policies, procedures, or systems for preparing, submitting, billing, and/or appealing,
the medical claim(s) at issue in the Complaint.

28. All documents related to communications between you and the UNITEDHEALTHCARE
patient/subscriber, related to the payment of medical services and care of the claims at issue in the
Complaint.

4

29.  All documents reflecting any payments by UNITEDHEALTHCARE, including but not limited to all Explanation of Benefit forms, Explanation of Reimbursement forms, or Explanation of Payment forms concerning the claims identified in the Complaint.

30.  All authorizations or communications from UNITEDHEALTHCARE to Plaintiff regarding the services rendered as billed in each of the claims identified in the Complaint.

31.  All contracts of letter of agreement entered into between you and other medical providers for the CPT codes at issue in this dispute with respect to the services rendered to UNITEDHEALTHCARE members.

32.  All documents that relate to the methodology you employed to establish the payment rate for the medical services and care at issue in the Complaint.

33.  All documents which relate to any communication by and between you and Plaintiff which refer or relate to authorization for the claims identified in the Complaint.

34.  The membership enrollment file for the UNITEDHEALTHCARE patient/subscriber.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished with the Summons and Complaint to: UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE, R/A: CT CORPORATION SYSTEM, 1200 South Pine Island Road, Plantation, Florida 33324.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone: 561-447-4500/Facsimile: 561-447-4150

By:   /s/Anthony R. Gonzales
ERIC G. CANTER
Florida Bar No.: 0118036
ANTHONY R. GONZALES
*Trial Counsel & of Counsel*
Florida Bar No.: 0373280

5

Filing # 148800387 E-Filed 05/02/2022 05:18:14 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC.

CASE NO.:   502022CA004183XXXXMB

     Plaintiff,

vs.

UNITED HEALTHCARE SERVICES,
INC., a Foreign Profit Corporation,
d/b/a UNITEDHEALTHCARE,

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,

LLC, by and through their undersigned counsel and pursuant to Florida Rule of Civil Procedure

1.370, and hereby requests, Defendant, UNITED HEALTHCARE SRVICES, INC., a Foreign

Profit Corporation, d/b/a UNITEDHEALTHCARE, to admit or deny the following:

1.    The services provided to the patient/subscriber in this case were emergency services as
defined by Florida Statute § 641.47.

2.    The patient/subscriber was insured by Defendant at the time subject emergency services
were provided.

3.    Plaintiff properly submitted its bill for payment to Defendant following services to
patient/subscriber.

4.    Plaintiff is not a contracted provider on any network with Defendant.

5.    Defendant did not pay Plaintiff their charges in full.

6.    Plaintiff's charges for the medical treatment provided to the patient were usual and
customary charges for similar services in the community where the services were provided.

7.  Defendant did not pay Plaintiff the usual and customary charges for similar services in the community where the services were provided.

8.  Defendant did not pay Plaintiff a mutually agreed to amount within sixty (60) days of the Plaintiff submitting their bill for payment.

9.  Defendant violated Florida Statute § 641.513 by failing to pay Plaintiff's charges in full.

10. Defendant violated Florida Statute § 640.513 by failing to pay Plaintiff the usual and customary charges for similar services in the community where were provided.

11. Defendant violated Florida Statute § 641.513 by failing to pay Plaintiff a mutually agreed to amounts within sixty (60) days of the Plaintiff submitting their bill for payment.

12. Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff's charges in full.

13. Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff the usual and customary charges for similar services in the community where the services were provided

14. Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff a mutually agreed to amount within sixty (60) days of the Plaintiff submitting their bill for payment.

15. Were Plaintiff to succeed in this action, Plaintiff would be entitled to recover reasonable attorney's fees and court costs pursuant to Florida Statute § 641.28.

16. Defendant has paid the same or more for the same medical treatment as that at issue in this case for other patients in the community where the services were provided within the last five (5) years.

17. It is Defendant's policy that patients with emergency medical needs wait for an in-network provider to be located before Defendant will pay reasonable and customary charges for medical services like the services at issue in this case.

18. Defendant has paid other out-of-network providers the full amount of their medical bills for the same treatment as that at issue in this case in the same geographical area.

19. The fact that the Defendant has a contract with various medical providers ("in-network providers") does not automatically give it a right to reduce the bills of "out-of-network providers" like the Plaintiff.

20. Doctors and medical facilities are free to charge what they believe are reasonable and customary charges for medical services provided to the patient.

21. When Defendant provides insurance coverage to a patient, the Defendant bears the risk of having to pay for such treatment for "out-of-network providers" like the Plaintiff in an emergency setting as defined by Florida law.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished with the Summons and Complaint to: UNITED HEALTHCARE SERVICES, INC., a Foreign Profit Corporation, d/b/a UNITEDHEALTHCARE, R/A: CT CORPORATION SYSTEM, 1200 South Pine Island Road, Plantation, Florida 33324.

> LAW OFFICES OF ERIC G. CANTER, P.A.
> *Attorneys for Plaintiff*
> 3335 Northwest Boca Raton Boulevard
> Boca Raton, Florida 33431
> Primary: Eric@ECanterLaw.com
> Secondary: Tony@ECanterLaw.com
> Telephone: 561-447-4500/Facsimile: 561-447-4150
>
> By:    /s/Anthony R. Gonzales
>        ERIC G. CANTER
>        Florida Bar No.: 0118036
>        ANTHONY R. GONZALES
>        *Trial Counsel & of Counsel*
>        Florida Bar No.: 0373280

NOT A CERTIFIED COPY